# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **ROBERT GILBERT,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 08-cv-614-MJR |
| | ) |
| **RUSSEL K. PEARL,** *et al.*, | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for review of Plaintiff's amended complaint pursuant to 28 U.S.C. § 1915A. Also before the Court are Defendant Beck's motion to vacate default judgment (Doc. 57), and Plaintiff's motions for leave to proceed *in forma pauperis* (Doc. 83), and for appointment of counsel (Doc. 84).

## I. BACKGROUND.

On May 10, 2007, Plaintiff, who was then confined at the Cook County Jail, filed a handwritten, *pro se* civil complaint in the United States District Court for the Northern District of Illinois. In his *pro se* complaint, Plaintiff sought monetary relief pursuant to 42 U.S.C. § 1983 from Dr. Russel K. Pearl, M.D., and Dr. Minh Luu, M.D., for alleged violations of his constitutional rights. Plaintiff also filed a motion to proceed *in forma pauperis*. The Honorable Joan H. Lefkow, United States District Judge for the Northern District of Illinois, granted Plaintiff's motion to proceed *in forma pauperis*. Judge Lefkow also conducted a threshold review of Plaintiff's complaint pursuant to 28 U.S.C. 1915A and found that Plaintiff's complaint "articulated a colorable federal

cause of action" that Defendants Pearl and Luu had violated Plaintiff's constitutional rights by acting with deliberate indifference to Plaintiff's medical needs when Plaintiff sought treatment for an anal fistula at Stroger Hospital.

Judge Lefkow appointed counsel to represent Plaintiff and, on January 22, 2008, Plaintiff's appointed counsel filed Plaintiff's first amended complaint. The first amended complaint did not seek relief against either Defendant Pearl or Defendant Luu. In fact, Defendants Pearl and Luu are not even named as defendants in the caption of the first amended complaint. Accordingly, Defendants Pearl and Luu are no longer defendants in this action.

Instead, the first amended complaint asserted two new counts. Count 1 of the first amended complaint sought injunctive relief against Defendants Roger E. Walker, Jr., Daniel L. Austin, and Olukenye Obadina for allegedly denying Plaintiff adequate medical care for his serious medical needs in violation of the Eighth Amendment while he was confined at Pinckneyville Correctional Center. Count 2 of the first amended complaint sought monetary damages against Defendants Adrian D. Feinerman, Mary Loftin, and M. Hytham I. Beck for allegedly denying Plaintiff adequate medical care for his serious medical needs in violation of the Eighth Amendment while he was confined at Menard Correctional Center and Lawrence Correctional Center.

Shortly after filing it, however, Plaintiff dismissed Count 1 of the first amended complaint. Accordingly, Defendants Walker, Austin, and Obadina were dismissed from this action. As a result, only Count 2 of the first amended complaint remains and only against Defendants Feinerman, Loftin, and Beck.

On April 16, 2008, Plaintiff moved for a default judgment against Defendant Beck. The docket sheet indicates that on April 22, 2008, after a hearing, Judge Lefkow granted Plaintiff's

motion for a default judgment against Defendant Beck.

On July 16, 2008, Defendant Beck moved to vacate the default judgment.

On July 17, 2008, Judge Lefkow granted the motions of Defendants Feinerman and Loftin to transfer the case to this Court pursuant to 28 U.S.C. § 1406(a). Judge Lefkow, however, stayed the transfer for 14 days to allow Plaintiff's appointed counsel time to consult with his client and to inform the court whether appointed counsel would seek leave to withdraw.

On July 24, 2008, Judge Lefkow granted Defendant Beck's motion to vacate the default judgment.

On July 31, 2008, however, Judge Lefkow vacated her order vacating the default judgment. While Judge Lefkow reinstated the default judgment, Judge Lefkow did not deny Defendant Beck's motion to vacate the default judgment. Instead, Judge Lefkow simply reinstated Defendant Beck's motion. At the same time, Judge Lefkow granted the motion of Plaintiff's appointed counsel to withdraw from this case and stayed transfer of this case to this Court until August 15, 2008.

On August 28, 2008, the case was finally transferred to this Court. At the time it was transferred, Defendant Beck's motion to vacate the default judgment was still pending. After the case was transferred to this Court, Plaintiff filed motions to proceed *in forma pauperis* (Doc. 83) and to appoint counsel (Doc. 84).[1]

**II. DISCUSSION.**

**A. Threshold review of first amended complaint.**

At the outset, the Court notes that Plaintiff's first amended complaint has not been reviewed

---

[1] Additionally, Defendant Beck filed a motion for a protective order (Doc. 82) which the Court will address in a separate Memorandum and Order.

pursuant to 28 U.S.C. §1915A. While Jude Lefkow reviewed Plaintiff's original complaint under § 1915A, that original complaint was rendered void by the filing of Plaintiff's first amended complaint. *See Flannery v. Recording Indus. Assoc. Of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). Moreover, the claims in Plaintiff's first amended complaint were not asserted in his original complaint and, thus, not reviewed by Judge Lefkow. Therefore, this Court will review Plaintiff's first amended complaint under 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007).

Upon careful review of the first amended complaint, the Court finds that Count 2 (which is the only count before this Court) alleging that Defendants Feinerman, Loftin, and Beck denied Plaintiff adequate medical care for his serious medical needs in violation of the Eighth Amendment survives review under § 1915A and should not be dismissed at this point in the litigation.

**B. Plaintiff's motion to proceed *in forma pauperis*.**

Plaintiff's motion to proceed *in forma pauperis* (Doc. 83) will be denied as moot. Judge Lefkow previously granted Plaintiff leave to proceed *in forma pauperis* in this case and that order

remains in effect even after transfer to this Court.

### C. Plaintiff's motion for appointment of counsel.

There is no absolute right to appointment of counsel in a civil case. *Cook v. Bounds*, 518 F.2d 779 (4th Cir. 1975); *Peterson v. Nadler*, 452 F.2d 754 (8th Cir. 1971). However, under appropriate conditions "representation of indigents under court order, without a fee, is a condition under which lawyers are licensed to practice as officers of the court. . . ." *U. S. v. Dillon*, 346 F.2d 633, 635 (9th Cir. 1965). Membership in the bar is a privilege burdened with conditions. *People ex rel. Karlin v. Culkin*, 162 N.E. 487, 489 (1928) (Justice Cardozo). Or, as set forth by Justice Sutherland, "[a]ttorneys are officers of the court, and are bound to render service when required by such an appointment." *Powell v. Alabama,* 287 U.S. 45, 73 (1932). Finally, a court's power to require a lawyer to represent indigents is inherent under its authority to define the terms and conditions under which members are admitted to the bar. *Frazier v. Heebe*, 482 U.S. 641 (1987); *United States v. Hvass*, 355 U.S. 570 (1958).

Under Special Order No. 13, Order Amending Local Rule 1(f), as promulgated by the United States District Court for the Southern District of Illinois, every member of the bar of this Court shall be available for appointment to represent an indigent. In *Heidelberg v. Hammer*, 577 F.2d 429 (7th Cir. 1978), the Court recognized that the question of whether to request an attorney to represent a plaintiff rests in the sound discretion of the district court "unless denial would result in fundamental unfairness impinging on due process rights." *Id*. at 431. The Court may only request counsel to represent an indigent if the likelihood of success is more than just doubtful. *Miller v. Pleasure*, 296 F.2d 283, 284 (2d Cir. 1961), *cert. denied*, 370 U.S. 964 (1962).

The determination whether to appoint counsel is to be made by considering whether Plaintiff

is competent to represent himself given the complexity of the case, and if he is not, whether the presence of counsel would make a difference in the outcome of his lawsuit. *Greeno v. Daley*, 414 F.3d 645, 658 (7th Cir. 2005)(*citing Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993)). Applying these standards to the instant case, the Court concludes that appointment of counsel is warranted.

**D. Defendant Beck's motion to vacate default judgment.**

With regard to Defendant Beck's motion to vacate default judgment (Doc. 57), this Court notes that it is an unusual situation for it to be asked to vacate a default judgment entered by another federal district court. Nevertheless, the case has been transferred here with Defendant Beck's motion still pending and Federal Rule of Civil Procedure 55(c) permits the Court to set aside a default judgment for "good cause shown," in accordance with Rule 60(b). Furthermore, the Court has Defendant Beck's written motion to vacate default judgment (Doc. 57), Plaintiff's written response in opposition to it (Doc. 61),[2] and Defendant Beck's written reply (Doc. 73) before it. Therefore, the Court will take up the instant motion to vacate default judgment (Doc. 57).

It is significantly easier for a movant to set aside an *entry* of default than it is to set aside a default *judgment*, once entered, as in this case.

The United States Court of Appeals for the Seventh Circuit has explained the standard governing motions to set aside:

> a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) "good cause" for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint.... This standard was originally formulated to evaluate a district court's decision concerning a motion to vacate an entry of default under Rule 55(c) of

---

[2]Plaintiff's response to Defendant Beck's motion to vacate default judgment was prepared and filed by Plaintiff's then court appointed attorney.

> the Federal Rules of Civil Procedure, *Breuer Elec. Mfg. v. Toronado Sys. of Am.*, 687 F.2d 182, 185 (7th Cir.1982), but was eventually applied to structure decisions involving motions to set aside default judgments under Rule 60(b). *Id*. at 187....
>
> While the tests are identical under either Rule 55(c) or Rule 60(b), respect for the finality of judgments results in the application of the test under Rule 60(b) circumstances – where a default judgment has been entered – to be much more limited and stringent. *Breuer*, 687 F.2d at 187. This narrowness is achieved by interpreting the three-part standard in light of the language of Rule 60(b)(1) which, by its very terms, **establishes a high hurdle for parties seeking to avoid default judgments and requires something more compelling than ordinary lapses of diligence or simple neglect to justify disturbing a default judgment.**

*Jones v. Phipps,* **39 F.3d 158, 162 (7th Cir. 1994)(emphasis added).**

In the case at bar, the record before the Court discloses "good cause" for failing to timely respond to the complaint and quick action was taken to correct the default. Additionally, Defendant Beck has demonstrated a meritorious defense to the civil forfeiture. Therefore, Defendant Beck's motion to vacate the default will be granted.

### III. DISPOSITION.

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 83) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel (Doc. 84) is **GRANTED.** Pursuant to 28 U.S.C. 1915 (e)(1) and Local Rule 83.1(i), attorney John A. Pearson, Knight, Hoppe, et al., Des Plaines, Illinois, is **APPOINTED** to represent Plaintiff in this Court only.

Appointed counsel is advised that he may examine the docket sheet via CM/ECF. Appointed counsel is further advised that, pursuant to the Plan for the Administration of the District Court Fund, out-of-pocket expenses up to the sum of $1,000 may be requested and authorized for reimbursement. Additional motions and pleadings will be accepted only from Plaintiff's appointed

counsel.

**IT IS FURTHER ORDERED** that Defendant Beck's motion to vacate default judgment (Doc. 57) is **GRANTED**. The default entered against Defendant Beck by Judge Lefkow on April 22, 2008, is **VACATED**.

Pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Plaintiff is under a continuing obligation to keep the Clerk and each opposing party informed of any change in his whereabouts. This shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED this 7th day of January, 2009.**

> **s/ Michael J. Reagan**
> **MICHAEL J. REAGAN**
> **United States District Judge**